CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 09 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD SLADE, Reg. #00250-674,<br>Petitioner, | Civil Action No. 7:05-cv-00284 |
| v. | **MEMORANDUM OPINION** |
| B. A. BLEDSOE, WARDEN,<br>UNITED STATES PAROLE<br>COMMISSION,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Ronald Slade, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. Upon review of the record, the court concludes that the petition must be filed and summarily dismissed, as it is clear from the face of the petition that petitioner is not entitled to relief.

Slade asserts that the United States Parole Commission deprived him of a liberty interest in parole release without due process by denying him discretionary parole release in March 2005, based on the same reasons the Commission gave for denying parole release in March 2001. On both occasions, the Commission issued a Notice of Action, stating that parole release was denied based on the brutal nature of Slade's offense. His offense involved his stabbing a victim 24 times. He is serving a sentence of 15 years to life and in March 2005, had served 167 months. The Commission stated in 2005 (similar to wording used in 2001) that Slade's release at this time "would be incompatible with the public welfare and would promote disrespect for the law." Slade asserts that using the same reason to deny parole at two consecutive hearings constitutes double counting and is arbitrary, capricious and an abuse of discretion.

As Slade points to no statutory provision on which he would be entitled to relief under §2241, Slade's claims arise, if at all, under the due process clause of the United States Constitution.

1

The due process clause requires notice and a hearing before the State deprives someone of life, liberty, or property. See U.S. Const. Amend XIV, §1. A liberty interest must stem from either the due process clause itself or from state law. See Sandin v. Conner, 515 U.S. 472 (1995). The Supreme Court has explicitly held that there is no liberty interest in parole under the Constitution itself. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). Under District of Columbia law, an inmate's eligibility for parole creates no "expectancy of relief" that is cognizable under the due process clause. See Price v. Barry, 53 F.3d 369, 370 (D.C. Cir. 1995). Moreover, the Commission's act of denying parole because release would depreciate the seriousness of the petitioner's offense is not arbitrary or capricious and states a sufficient reason to prevent release. See Smith v. Hambrick, 637 F.2d 21, 212 (4th Cir. 1980).

Under these principles, a D.C. inmate such as Slade has no liberty interest in being released on parole merely because he has become eligible for parole consideration. Therefore, the respondents' actions have not deprived him of any protected interest in life, liberty, or property by denying him parole release. Moreover, as the Commission gave a sufficient reason for denying his release, their action cannot be termed arbitrary or capricious. Based on the foregoing, the court concludes that it is clear from the face of Slade's petition that he has no actionable claim under the due process clause. Therefore, the court will file and dismiss his petition summarily. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

§2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 9th day of May, 2005.

James C. Turk
Senior United States District Judge

3